**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| LUCAS WILLIAMS, | CIVIL CASE NO. 26-00001 |
| Plaintiff, | |
| vs. | **ORDER** |
| SERGIO JIMENEZ, KEVIN C. McCLANAHAN, CARMEN PACHECO, DAWN HILL-KEARSE, and WAVNY TOUSSANT, | |
| Defendants. | |

This matter is before the court on an Application to Proceed Without Prepaying Fees. *See* ECF No. 2. For the reasons stated herein, the court **GRANTS** the IFP Application and **DISMISSES** the Complaint with leave to amend.

**I. IN FORMA PAUPERIS APPLICATION**

Plaintiff in this case is Mr. Lucas Williams, appearing *pro se.* Plaintiff requests to proceed *in forma pauperis* ("IFP Application"), meaning without paying the required filing fee. Section 1915(a)(1) of Title 28, United Sates Code, permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said person submits an affidavit stating that he or she is unable to pay such fees.

The IFP Application states that Plaintiff has a monthly income of $1,000. Mot. at 1, ECF No. 2. He indicates that his expenses for food and utilities amount to $1,000, and he only has $50 in his bank account. *Id.* at 2. Therefore, based on the information Plaintiff provided, the court **GRANTS** his IFP Application, and the court waives the required filing fees.

## II. SCREENING REQUIREMENT AND STANDARD

When screening a complaint, the court is mindful that allegations of a *pro se* complaint are held to less-stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record[.]" *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). "[A] *pro se* litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Neuropathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Section 1915(e)(2)(B) of Title 28, United States Code, provides that the court shall dismiss the case at any time if the court determines that the action is either frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

In reviewing whether a complaint fails to state a claim on which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir.2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal,* 556 U.S. at 678.

### III. DISCUSSION

In his one-page Complaint, Plaintiff states that "Defendants conspired with individuals in LT-325749-22/KI," in which "[a]ll defendants conspired together in violation of due process[.]" Compl. at 1, ECF No. 1. Plaintiff asserts that this court "has jurisdiction under federal law" and seeks compensatory and punitive damages "estimated over $500,000." *Id.* Without anything more, the court is unable to determine whether Plaintiff's claim is legally viable.

First, although Plaintiff alleges that this court "has jurisdiction under federal law", the complaint is so deficient that it is unclear to the court as to what federal law is being violated and whether this case truly belongs in this court. Plaintiff also failed to provide any facts that would suggest venue in this court is proper. Plaintiff does not allege where the conspiracy occurred and where the defendants and himself, the plaintiff, reside. The court notes that similar, if not identical, Complaints were filed in the U.S. District Court for the District of Northern District of Florida, the District of Arizona, the District of Colorado, the Middle District of Georgia Valdosta Division, and the Western District of Wisconsin.

Second, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In order to avoid dismissal with prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff must provide facts or actions taken by each defendant on which he bases his conspiracy claims or facts supporting his claim for violation of due process.

### IV. LEAVE TO AMEND

Given that Plaintiff is proceeding *pro se* and it is not clear Plaintiff could not cure the Complaint's deficiencies by amendment, the court will allow Plaintiff to file an amended complaint no later than twenty-one (21) days from the date of this Order. *See* Fed. R. Civ. P.

15(a)(2) (leave to amend should be "freely" given "when justice so requires"). The amended complaint must set forth sufficient factual allegations that state an identified legal claim as to each Defendant and the legal basis for each such claim, taking into account the contents of this Order. *See* Fed. R. Civ. P. 8. Additionally, the amended complaint must set forth sufficient information as to the identity and residence of each Defendant as well as the residence of Plaintiff, and where the alleged conspiracy occurred. If Plaintiff fails to file an amended complaint in compliance with this Order, this action may be dismissed with prejudice and without further notice.

### V. CONCLUSION

It is HEREBY ODERED that:

a. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

b. Plaintiff's Complaint is **DISMISSED**, with leave to amend.

c. Within twenty-one (21) days from the date of this order, Plaintiff shall file an amended complaint in compliance with this order; and

d. If Plaintiff fails to file said amended complaint, this action will be dismissed, with prejudice, for failure to state a claim.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
         **Chief Judge**
**Dated: Jan 20, 2026**